# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGETTE Y. WALKER,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 14-02647-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On December 31, 2014, Bridgette Y. Walker ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on May 11, 2015. On September 2, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 49-year-old female who applied for Social Security Disability Insurance benefits on September 13, 2011, alleging disability beginning July 12, 2009. (AR 10.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of July 12, 2009, through her date last insured of December 31, 2012. (AR 12.)

Plaintiff's claim was denied initially on March 30, 2012, and on reconsideration on January 14, 2013. (AR 10.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jay E. Levine on June 12, 2013, in San Bernardino, California. (AR 10.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 10.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 10.)

The ALJ issued an unfavorable decision on July 2, 2013. (AR 10-21.) The Appeals Council denied review on November 5, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1.  Whether the ALJ properly assessed Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of July 12, 2009, through her date last insured of December 31, 2012. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: morbid obesity, type 2 diabetes, osteoarthritis in back and joints; polysubstance abuse in remission. (AR 12.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 12-15.)

The ALJ then found that Plaintiff, through the date last insured, had the RFC to perform less than a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> Claimant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; she is precluded from working at unprotected heights, in temperature extremes, with vibration; Claimant cannot climb ladders or balance; Claimant can occasionally stoop and bend; Claimant cannot engage in forceful gripping or grasping with both hands.

(AR 15-19.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 17.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform her past relevant work as a security guard, a child monitor, and a cafeteria counter attendant. (AR 19.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Claimant, through the date last insured, could have performed, including the jobs of assembler, order clerk, and optical assembler. (AR 19-20.)

Consequently, the ALJ found that, within the meaning of the Social Security Act, Claimant was not disabled at any time from July 12, 2009, the alleged onset date, through December 31, 2012, the date last insured. (AR 20.)

///
///

## DISCUSSION

Plaintiff contends that the ALJ erred in discounting her subjective pain symptoms. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

///

///

6

**B. Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 17.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (AR 17.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1635, 1639-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's allegations of disabling pain are not supported by the objective medical evidence. (AR 17, 19.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, four consulting examiners all provided RFCs for light work. (AR 13, 17-19.) In March 2012, Dr. Sean To, an internist, diagnosed diabetes, degenerative joint disease, joint pain and knee pain, hypertension, and morbid obesity. (AR 18.) Nonetheless, he found only mild tenderness in the cervical spine, no evidence of swelling, effusion, erythema, warmth or deformity, and only moderate to mild tenderness in the knees. (AR 18.) He assessed a light work RFC with limitations. (AR 18.) In October 2012, Dr. Robin Alleyne, an internist, diagnosed pain, diabetes, and manic depression. (AR 18.) She also assessed a light work RFC with limitations. (AR 18.) State agency medical consultants also opined Plaintiff physically could perform a reduced range of light or sedentary work. (AR 18.) Two consulting psychiatrists found no significant mental limitations, as did a State agency consultant. (AR 14-15.) There is no medical source statement from any physician that suggests functional restrictions more restrictive than those in the ALJ's RFC. (AR 13, 17-18.)

Although Plaintiff does not challenge the medical source statements summarized above, she does contend that the ALJ ignored her obesity and the limitations that result from her obesity. Ms. Walker's statements about her subjective symptoms mostly relate to her obesity.

Plaintiff, however, is incorrect that the ALJ ignored her obesity. The ALJ found that Plaintiff's obesity is a severe impairment. (AR 12.) The ALJ specifically stated, "The claimant's weight, including the impact of her ability to ambulate as well as her other body systems, has been considered within the functional limitations determined herein." (AR 12.) The ALJ noted Dr. To diagnosed morbid obesity but nonetheless assessed a light work RFC. (AR 18.) The ALJ also noted that in August 2012 Plaintiff lost 60 pounds following bariatric surgery but continued to experience persistent knee pain. (AR 17.) Nonetheless, Dr. Alleyne in October 2012 assessed Plaintiff with a light work RFC. (AR 18.) The ALJ plainly considered Plaintiff's obesity and its impact on her functioning, and accounted for it in his RFC, reducing her RFC from light to sedentary.

The second reason the ALJ gave for discounting Plaintiff's subjective symptoms is that Plaintiff's treatment has been conservative. (AR 16.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Here, the ALJ concluded that the Claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. (AR 16.) With respect to her alleged mental impairments, the ALJ found that Claimant was taking no medications and admitted she has not had psychiatric symptoms since she stopped taking drugs. (AR 14.) The ALJ also documented that Plaintiff testified she did not require psychological counseling or psychiatric medications. (AR 16.) An ALJ may consider a failure to seek treatment or a failure to follow prescribed treatment as a basis for discounting credibility. Orn, 495 F.3d at 638. With respect to her physical impairments, the ALJ noted that Claimant underwent bariatric surgery which was generally successful in relieving symptoms. (AR 16.)

Plaintiff disputes the ALJ's assessment of the medical evidence and the adverse credibility finding, but it is the ALJ who has the responsibility to resolve disputes about the medical evidence and other ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 13, 2015         /s/ John E. McDermott
                                                  JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE